**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADASA BLANCO and VIDYA MANN,

                Plaintiffs,

        v.

TWENTY-FIRST CENTURY FOX, INC., FOX
NEWS NETWORK LLC, JUDITH SLATER, in
her individual and professional capacities, and
DIANNE BRANDI, in her individual and
professional capacities and SUSAN LOVALLO,
in her individual and professional capacities,

                Defendants.

Case No. 1:17-cv-03017 (ALC)(RLE)

**FOX DEFENDANTS' ANSWER**
**AND AFFIRMATIVE DEFENSES**
**TO THE AMENDED COMPLAINT**

---

        Defendants Twenty-First Century Fox, Inc. ("21CF") and Fox News Network, LLC

("Fox News") (collectively, the "Fox Defendants"), by and through their attorneys, DLA Piper

LLP (US), hereby respond to the Amended Complaint filed by Plaintiffs Adasa Blanco ("Ms.

Blanco") and Vidya Mann ("Ms. Mann") (collectively, "Plaintiffs") as follows:

### PRELIMINARY STATEMENT

        Plaintiff Adasa Blanco worked in Fox News's Accounting Department for more than

seven years until her voluntary resignation in August 2013. Ms. Blanco alleges that during her

entire tenure, she endured a "continuous stream of severe and pervasive discriminatory conduct"

primarily at the hands of Judith Slater, a former Fox News employee. According to the

Amended Complaint, this alleged stream of "continuing racial harassment" was so "unbearable"

that Ms. Blanco was unable to return to work after the conclusion of her company-approved

maternity leave in August 2013. However, Ms. Blanco's own words demonstrate that these

allegations are fiction.

On August 21, 2013, while still out on leave, Ms. Blanco wrote an e-mail to Mark LeGrier, her then-supervisor, and Liza Cohen, an employee in Fox News's Human Resources Department. Ms. Blanco's e-mail, reproduced here in full, speaks for itself:

> Mark/Liza,
>
> I am writing to inform you of my intention to resign from my position as Senior Disbursement Coordinator, effective today. While I fully intended to come back to work at the end of my scheduled maternity leave, my plans have changed during the time I've spent with my son.
>
> As you know, I had my baby in June and have since been conflicted with the difficult decision of whether or not to return back to work. I have decided not to return so I can spend these early months at home with my son until he is a little older. I greatly enjoyed the time I spent working with the company, yet strongly feel that staying home with my baby is something that I really need to do at this time.
>
> I want to thank you for the help, support and knowledge I have received from you and the department in the years I have been with the company. All of you will truly be missed and I wish you all and FOX News Channel continued success. Thank you for your understanding.
>
> All my best,
>
> Adasa Blanco

Ms. Blanco told Fox News of her decision to resign in an e-mail in which she stated unequivocally that she had "fully intended to come back to work at the end" of her leave; announced unambiguously that she "decided not to return" ***not*** because of any "severe" or "pervasive" discrimination, but "so I can spend these early months at home with my son"; and profusely thanked Fox News for all of the "help, support and knowledge" she received in the "years" she worked in its Accounting Department.

Less than a year later Ms. Blanco sought to be **re-hired** into the very environment she claims was "unbearable." On July 9, 2014, in an e-mail conspicuously titled "Part Time Opportunity," Ms. Blanco wrote to Ms. Slater – the very person she and her counsel have taken every opportunity to publicly demonize – in pertinent part:

> After taking a year off to enjoy being a stay at home mom I have decided to enter back into the workplace. To be straightforward, I've recently had an opportunity presented to me to work part time. In hindsight it made me wonder if there was any possible use for me at FOX on a part time basis. Before I commit myself to another company I would like to know if I could be of assistance part time (5-6 hrs a day Mon-Fri). If this is something you would consider and would like to discuss, please contact me . . . .

This does not sound like someone who had been subjected to a "continuous stream of severe and pervasive" discrimination for seven years. Ms. Blanco so desired to rejoin the Fox News Accounting Department that she was willing to decline another part-time "opportunity," in order to work with Ms. Slater again.

Nine days later, on July 18, 2014, Ms. Slater took the time to reply to Ms. Blanco's e-mail seeking part-time employment:

> Hi Adasa,
>
> I can't believe it has been a year since you had your baby. I hope all is well.
>
> Unfortunately, we do not hire on a part time basis.
>
> Best of luck with your search.
>
> Regards,
> Judy Slater

Ms. Blanco, having had her request denied, did not reflect anger or even disappointment, but rather *thanked Ms. Slater for her time, extolled how fast her son is growing and, quite incredibly, shared a recent picture of her child with Ms. Slater*:

Hi Judy,

I know the time has flown by so fast which is why I haven't taken my time off for granted. My son is walking and talking around the house like a little man.

After finding out the company pays only once a month I declined their offer and started looking for a full time position instead. Thanks for taking the time to respond and I wish you all the best.

Adasa

P.S. Here's [a] recent pic of my son, Michael.

Ms. Blanco's discrimination and retaliation claims are not only late, they are fabrications.

As for Ms. Mann, her claims are just as meritless. Ms. Mann never was an employee of Fox News (and certainly not 21CF), and never was the subject of discrimination or retaliation on the basis of race or any other characteristic protected by law. Indeed, her allegations are based almost exclusively on speculation and hearsay, and notably absent from her pleading is any claim that any race-based comments ever were directed to or about her. For these and other reasons to be proven in this litigation, Plaintiffs' claims, individually or collectively, are entirely without merit and they are not entitled to any damages or relief against the Fox Defendants.

## ANSWER TO "SUMMARY OF THE CLAIMS"

1.      The Fox Defendants deny the allegations contained in Paragraph 1 of the Amended Complaint.

2.      The Fox Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint.

3.      The Fox Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint.

4.      The Fox Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint, except admit that Fox News terminated Judith Slater's employment.

5. The Fox Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint, except admit that Fox News issued a statement concerning Slater's termination on or about March 24, 2017, which statement speaks for itself, and deny Plaintiffs' characterization of same.

6. The Fox Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint, except admit that Slater was not terminated because she engaged in discriminatory conduct.

7. The Fox Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint, except admit that Tichaona Brown and Tabrese Wright commenced an action against 21CF, Fox News, and Slater on or about March 28, 2017 (the "Brown Action"), and that on or about April 4, 2017, the complaint was amended to add Monica Douglas as a plaintiff and Dianne Brandi as a defendant. By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

8. The Fox Defendants state that Paragraph 8 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required. To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint. By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

9. The Fox Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10. The Fox Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11.    The Fox Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

## ANSWER AS TO "JURISDICTION AND VENUE"

12.    The Fox Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint, except admit that Plaintiffs allege causes of action under 42 U.S.C. § 1981 ("section 1981").

13.    The Fox Defendants state that the allegations contained in Paragraph 13 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint, except admit that Plaintiffs assert jurisdiction on the grounds cited therein.

14.    The Fox Defendants state that the allegations contained in Paragraph 14 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint, except admit that Plaintiffs assert that venue is proper in the Southern District of New York on the grounds cited therein.

## ANSWER AS TO "PARTIES"

15.    The Fox Defendants state that the allegations contained in Paragraph 15 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the Fox Defendants admit that Blanco previously was employed by Fox News (but not 21CF), and lack sufficient knowledge or information to form a belief as to the truth of the allegation that Blanco "lives in Bronx County, New York" and, accordingly, deny same and put Plaintiffs to their proofs with respect thereto. The Fox Defendants deny the remaining allegations of Paragraph 15 of the Amended Complaint.

16.     The Fox Defendants state that the allegations contained in Paragraph 16 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the Fox Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Mann "lives in the State of New York" and, accordingly, deny same and put Plaintiffs to their proofs with respect thereto.  The Fox Defendants deny the remaining allegations of Paragraph 16 of the Amended Complaint.

17.     The Fox Defendants state that the allegations contained in Paragraph 17 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint, except admit that 21CF is a Delaware corporation and that its principal place of business is in New York County, New York.

18.     The Fox Defendants state that the allegations contained in Paragraph 18 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint, except admit that Fox News is an indirect wholly owned subsidiary of 21CF, and is a Delaware limited liability company with its principal place of business in New York County, New York.

19.     The Fox Defendants state that the allegations contained in Paragraph 19 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint, except admit that Slater previously was employed by Fox News.  The Fox Defendants further lack sufficient knowledge or information to form a belief as to the truth of the

allegation that Slater "is a resident of the State of New Jersey" and, accordingly, deny same and put Plaintiffs to their proofs with respect thereto.

20.      The Fox Defendants state that the allegations contained in Paragraph 20 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint, except admit that Dianne Brandi is employed by Fox News and has the title of Executive Vice President, Legal and Business Affairs.

21.      The Fox Defendants state that the allegations contained in Paragraph 21 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint, and lack sufficient knowledge or information to form a belief as to the truth of the allegation that Lovallo "resides in Putnam County, New York" and, accordingly, deny same and put Plaintiffs to their proofs with respect thereto.

## ANSWER AS TO "FACTUAL ALLEGATIONS"

## ANSWER AS TO "MS. BLANCO"

## ANSWER AS TO "MS. BLANCO IS SUBJECTED TO SEVERE AND PERVASIVE DISCRIMINATION"

22.      The Fox Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint, except admit that Blanco worked at Fox News from approximately December 2005 through August 2013.

23.      The Fox Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24.     The Fox Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint, except admit that Blanco reported to Mark LeGrier, who in turn reported to Slater.

25.     The Fox Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26.     The Fox Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27.     The Fox Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28.     The Fox Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29.     The Fox Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.     The Fox Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.     The Fox Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32.     The Fox Defendants state that Paragraph 32 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint. By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

33.     The Fox Defendants state that Paragraph 33 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.  By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

34.     The Fox Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

35.     The Fox Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36.     The Fox Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37.     The Fox Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint, and lack sufficient knowledge or information to form a belief as to the truth of the allegation that Lovallo "lives in Brewster, New York" and, accordingly, deny same put Plaintiffs to their proofs with respect thereto.

38.     The Fox Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.     The Fox Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

**ANSWER AS TO "MS. BLANCO PUTS FOX ON NOTICE OF THE DISCRIMINATION: FOX DOES NOTHING"**

40.     The Fox Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.     The Fox Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

## ANSWER AS TO "MS. BLANCO IS CONSTRUCTIVELY DISCHARGED"

42.     The Fox Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint and, accordingly, deny same and put Plaintiffs to their proofs with respect thereto.

43.     The Fox Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44.     The Fox Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint and, accordingly, deny same and put Plaintiffs to their proofs with respect thereto, except admit that Blanco had been granted a leave of absence.  By way of further response, the Fox Defendants deny that they committed any acts of purported discrimination with respect to Ms. Blanco's leave.

45.     The Fox Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

## ANSWER AS TO "MS. MANN"

46.     The Fox Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint and, accordingly, deny same and put Plaintiffs to their proofs with respect thereto.

47.     The Fox Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.     The Fox Defendants admit the allegations contained in Paragraph 48 of the Amended Complaint.

49.     The Fox Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.     The Fox Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint, except admit that various executives had, at one time or another, offices on the second floor of Fox News headquarters.

51.     The Fox Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint, except admit that Ms. Mann was retained through a staffing agency and was not classified by Fox News as a "permanent" employee.

52.     The Fox Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint, except admit that Ms. Mann did not receive health insurance benefits because she was not a Fox News employee.

53.     The Fox Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.     The Fox Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.     The Fox Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

56.     The Fox Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint and, accordingly, deny same and put Plaintiffs to their proofs with respect thereto.

57.     The Fox Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.     The Fox Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.     The Fox Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations that Ms. Mann became pregnant in 2012 and asked Ms. Douglas to "say something" to Ms. Slater and, accordingly, deny same put Plaintiffs to their proofs with respect thereto.

60.     The Fox Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint and, accordingly, deny same and put Plaintiffs to their proofs with respect thereto, except admit that Ms. Mann stopped performing services for Fox News in June 2013.

61.     The Fox Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.     The Fox Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.     The Fox Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.     The Fox Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65.     The Fox Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

**ANSWER AS TO "FOX'S CLAIM THAT IT FIRED SLATER WHEN IT LEARNED OF HER CONDUCT IS FALSE"**

66.     The Fox Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint, except admit that Fox News issued a statement on or about March 24, 2017, which statement speaks for itself, and deny Plaintiffs' characterization of same.

67.     The Fox Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.     The Fox Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

**ANSWER AS TO "FURTHER EVIDENCE THAT FOX WAS ON NOTICE OF RACIAL DISCRIMINATION"**

69.     The Fox Defendants state that Paragraph 69 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.  By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

**Answer as to "Monica Douglas"**

70.     The Fox Defendants state that Paragraph 70 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.  By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

71.     The Fox Defendants state that Paragraph 71 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.  By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

### Answer as to "Natasha Beekharry"

72.     The Fox Defendants state that Paragraph 72 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint, except admit that Natasha Beekharry was Senior Director of Payroll at Fox News, that Tichaona Brown reported to Ms. Beekharry and that Ms. Beekharry reported to Ms. Slater.  By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

73.     The Fox Defendants state that Paragraph 73 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.  By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

74.     The Fox Defendants state that Paragraph 74 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than

Plaintiffs such that no response is required. To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint. By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

## Answer as to "Mark LeGrier"

75.     The Fox Defendants state that Paragraph 75 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required. To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint, except admit that Mark LeGrier, a Black male, was an Accounts Payable Supervisor at Fox News who retired. By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

76.     The Fox Defendants state that Paragraph 76 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required. To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint. By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

77.     The Fox Defendants state that Paragraph 77 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required. To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint. By way

of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

**Answer as to "Harmeen S. Jones"**

78.    The Fox Defendants state that Paragraph 78 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.    To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint, except admit that Harmeen Jones, a former Fox News employee, filed an action against Fox News in the United States District Court for the Southern District of New York.    By way of further response, the Fox Defendants state that the allegations asserted by Harmeen Jones have no merit.

79.    The Fox Defendants state that Paragraph 79 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.    To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.    By way of further response, the Fox Defendants state that the allegations asserted by Harmeen Jones have no merit.

80.    The Fox Defendants state that Paragraph 80 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.    To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.    By way of further response, the Fox Defendants state that the allegations asserted by Harmeen Jones have no merit.

81.     The Fox Defendants state that Paragraph 81 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.  By way of further response, the Fox Defendants state that the allegations asserted by Harmeen Jones have no merit.

82.     The Fox Defendants state that Paragraph 82 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.  By way of further response, the Fox Defendants state that the allegations asserted by Harmeen Jones have no merit.

83.     The Fox Defendants state that Paragraph 83 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.  By way of further response, the Fox Defendants state that the allegations asserted by Harmeen Jones have no merit.

**Answer as to "Wasim Rafick"**

84.     The Fox Defendants state that Paragraph 84 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.  By way

of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

85.     The Fox Defendants state that Paragraph 85 contains, reflects, restates, and/or summarizes allegations made in a separate action and/or on behalf of individuals other than Plaintiffs such that no response is required.  To the extent a response is required, the Fox Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint, except admit that Wasim Rafick left Fox News in December 2016.  By way of further response, the Fox Defendants state that the allegations asserted in the Brown Action have no merit.

## ANSWER AS TO "FIRST CAUSE OF ACTION
### (Discrimination in Violation of the Section 1981)
#### *Against All Defendants*"

86.     The Fox Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 85 of the Amended Complaint with the same force and effect as if set forth fully herein.

87.     The Fox Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

88.     The Fox Defendants deny the allegations contained in Paragraph 88 of the Amended Complaint.

89.     The Fox Defendants deny the allegations contained in Paragraph 89 of the Amended Complaint.

## ANSWER AS TO "SECOND CAUSE OF ACTION
### (Retaliation in Violation of the Section 1981)
#### *Against All Defendants*"

90.     The Fox Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 89 of the Amended Complaint.

91.     The Fox Defendants deny the allegations contained in Paragraph 91 of the Amended Complaint.

92.     The Fox Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint.

93.     The Fox Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint.

<u>**ANSWER AS TO "PRAYER FOR RELIEF"**</u>

The Fox Defendants deny that Plaintiffs are entitled to relief of any kind whatsoever, whether equitable or monetary, including but not limited to any of the relief sought in the "WHEREFORE" clause and/or its subparts.

<u>**ANSWER AS TO "JURY DEMAND"**</u>

The Fox Defendants acknowledge Plaintiffs' demand for a trial by jury on all issues triable by a jury in this action.

<u>**GENERAL DENIAL**</u>

The Fox Defendants deny each and every allegation contained in the Amended Complaint that is not specifically admitted herein.

<u>**AFFIRMATIVE DEFENSES**</u>

Without assuming any burdens that they would not otherwise bear, the Fox Defendants assert the following affirmative defenses.  In asserting the following affirmative defenses, the Fox Defendants do not knowingly or intentionally waive any applicable affirmative defense, and reserve the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during the course of the proceedings.  The Fox Defendants further

reserve the right to amend their Answer and/or affirmative defenses accordingly, and/or delete affirmative defenses that they determine are not applicable.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which damages can be awarded.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because there is no individual liability for some or all of Plaintiffs' claims.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because all of the Fox Defendants' employment decisions regarding Plaintiffs were based on legitimate, non-discriminatory business considerations, and were in no way based on Plaintiffs' race, ethnicity, or any other protected classification or characteristic.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because all of the Fox Defendants' employment decisions regarding Plaintiffs were based on legitimate, non-retaliatory business considerations, and were in no way based on any complaint of unlawful conduct or protected activity by either Plaintiff.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have not suffered any injury or damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The damages Plaintiffs complain of, which damages are denied, were not caused by the Fox Defendants' conduct or action and are the result of Plaintiffs' own conduct and are not attributable to the Fox Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have suffered any damages, which damages are denied, any such damages are barred and/or must be reduced on account of Plaintiffs' failure to take reasonable steps to mitigate any such damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to plead facts necessary to sustain a claim for punitive damages or equitable relief.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages for any alleged unlawful discriminatory practice and/or retaliation because the Fox Defendants did not at any relevant time know that any of its conduct was in violation of any laws related to discrimination or retaliation in employment on the basis of race or ethnicity, the Fox Defendants were not consciously indifferent to whether it violated any such laws or rights of Plaintiffs under such laws, and the Fox Defendants' conduct was not outrageous, malicious, or severe.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages for any alleged unlawful discriminatory practice because, at all times relevant to the Amended Complaint, the Fox Defendants engaged in good-faith efforts to comply with their obligations under all applicable federal, state, or local laws relating to discrimination.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant, the Fox Defendants had in place and continue to have in place policies expressly prohibiting all forms of discrimination, harassment, and retaliation in the workplace (hereinafter, "EEO Policies"). The Fox Defendants' EEO Policies were, and continue to be, widely distributed to their employees, including Plaintiffs. The EEO Policies contain effective complaint procedures and non-retaliation provisions, and are adhered to by the Fox Defendants. To the extent Plaintiffs experienced or believe they experienced discrimination and/or retaliation of any kind, their claims are barred, in whole or in part, due to their unreasonable failure to avail themselves of the preventative and remedial measures made available to them by the Fox Defendants.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Amended Complaint are limited and/or barred as duplicative causes of action which, if allowed to be asserted at trial, would improperly expose the Fox Defendants to the potential for double recovery.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because 21CF was not Plaintiffs' "employer" within the meaning of section 1981 and/or applicable law.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff Mann's claims are barred, in whole or in part, because the Fox Defendants were not her "employer" within the meaning of section 1981 and/or applicable law.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The conduct Plaintiffs' complain of was not "unwelcome", nor was any such conduct sufficiently severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not suffer a tangible employment action as a result of any purported hostile work environment (or any other alleged conduct on the part of the Company), and were not subjected to working conditions that were so intolerable that a reasonable person would have felt compelled to resign.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The Fox Defendants intend to rely upon any other defense(s) that may become available during the proceedings in this case, and hereby reserve their right to amend their Answer to assert any such defense(s) and further reserve their right to assert additional Affirmative Defenses as Plaintiffs' claims are clarified in the course of this litigation.

**WHEREFORE**, the Fox Defendants respectfully request that the Court:

A.　　Dismiss the Amended Complaint in its entirety, with prejudice;

B.      Deny each and every demand, request, and/or prayer for relief contained in the

Amended Complaint;

C.      Award the Fox Defendants their costs and reasonable attorneys' fees; and

D.      Award the Fox Defendants such other and further relief as the Court deems just

and proper.

Dated: New York, New York                    Respectfully submitted
        June 12, 2017

                                             **DLA PIPER LLP (US)**

                                             By:  /s/ Eric J. Wallach
                                                  Eric J. Wallach
                                                  eric.wallach@dlapiper.com
                                                  Joseph Piesco
                                                  joseph.piesco@dlapiper.com
                                             1251 Avenue of the Americas, 27th Floor
                                             New York, NY 10020
                                             T: (212) 335-4500
                                             F: (212) 335-4501

                                             *Attorneys for Defendants Twenty-First Century*
                                             *Fox, Inc., and Fox News Network, LLC*